Filed 2/18/25  P. v. Colon CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, <br><br> Plaintiff and Respondent, <br><br> v. <br><br> JOSE COLON, <br><br> Defendant and Appellant. | F086570 <br><br> (Super. Ct. No. DF013380A) <br><br><br> **OPINION** |

## THE COURT[*]

APPEAL from a judgment of the Superior Court of Kern County.  Kenneth C. Twisselman II, Judge.

Heather E. Shallenberger, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the State Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

[*]      Before Hill, P. J., Peña, J. and Meehan, J.

Counsel for appellant Jose Colon (appellant) has asked this court to review the record to determine whether there are any arguable issues on appeal. (*People v. Wende* (1979) 25 Cal.3d 436.) Counsel filed an opening brief setting forth the case's relevant facts.

On October 25, 2024, appellant was advised of his right to file a supplemental brief within 30 days. To date, we have received no communication from appellant. Finding no arguable error that would result in a disposition more favorable to appellant, we affirm the judgment.

The following is a brief description of the facts and procedural history of the case. (See *People v. Kelly* (2006) 40 Cal.4th 106, 110, 124.)

*Factual Background*

On February 9, 2017, appellant was an inmate in the California penal system. On that day, defendant's housing unit was subject to a "mass search," i.e., a search in which every inmate and cell are searched. Correctional Officer Ardath Downey went to defendant's cell and opened the food port. Through the opened food port, Downey twice ordered defendant to strip down to his underwear and shower shoes and step out of his cell so that a search could be conducted. According to Downey, defendant wanted to know why he had to strip and come out of his cell, refused to comply with her orders, and finally yelled: " 'F[***] you, you ugly monster-looking [b****]. I will f[***]ing kill you. Open up this door and let me out, and I will bash your f[***]ing head into the cement ground. Open the door and I will kill you, [b****]. I will pull your brains out of your f[***]ing skull. Open the door and let me out, you scary [a**] b[****]. You think you're all that, but you're nothing but a house n[***]er. How does it feel to be a house n[***]er?' " Downey testified that defendant was visibly upset and was looking her in the eyes. Downey was afraid and closed the food port because she believed defendant was threatening her. Downey did not search defendant's cell because she did not feel it was safe to do so and reported defendant's actions to her supervisor. Downey was

2.

ordered to go to another section of the prison and to continue searching other cells and prisoners; she was unable to search defendant or his cell.[1]

*Procedural Background*

On November 21, 2018, the Kern County District Attorney filed an information charging defendant with: one count of felony criminal threats (Pen. Code,[2] § 422; count 1); and one count of felony deterring an officer from the execution of her duties (§ 69; count 2). For both counts, the amended information alleged that defendant had seven prior strike convictions (§§ 667, subds. (b)–(i), 1170.12, subds. (a)–(d)) and two prior serious felony convictions (§ 667, subd. (a)).

On March 14, 2019, the trial court granted in part and denied in part a *Pitchess* motion for discovery.[3]

On January 11, 2022, after advisements by the trial court and defendant's completion of a written "*Faretta* Waiver,"[4] defendant's motion to relieve counsel and represent himself was granted.

On February 9, 2023, the trial court heard arguments and denied two motions filed by defendant: a motion for discovery/further *Pitchess* motion and a motion for disclosure of racial bias under sections 745 and 1473.

---

[1]    In part, defendant testified that Downey was having problems with the inmates in his cell block, which was the real reason behind the mass search. When Downey told defendant to "strip out," he refused because he believed it would be a sex crime for him to expose himself to Downey, that it was unconstitutional for a female guard to force a male inmate to strip, and that he would be too cold in the outside cages where he would be held while the search was conducted. Defendant testified that Downey insulted him, called him names, and threatened to drag him out of his cell. Defendant testified that he called Downey a "house ni[**]er" and told her to " '[c]ome in here and try it. I'll smash you.' " Defendant also testified that the statements that Downey attributed to him were actually made by other inmates who were yelling at her.

[2]    All further statutory references are to the Penal Code.

[3]    *Pitchess* refers to *People v. Pitchess* (1974) 11 Cal.3d 531.

[4]    *Faretta* refers to *Faretta v. California* (1975) 422 U.S. 806.

On March 22, 2023, the trial court permitted the People to amend the information to allege enhancements under California Rules of Court,[5] rules 4.421(b)(1), (b)(2), and (b)(3).

On April 17, 2023, the jury trial began.

On April 24, 2023, the jury found defendant guilty on both counts.

On April 25, 2023, in a bifurcated proceeding, the trial court dismissed the rule 4.421(b)(1) enhancement on motion by the People. The court found true the enhancements under rule 4.421(b)(2) (prior convictions were numerous or of increasing seriousness) and rule 4.421(b)(3) (prior prison term). The court also found that defendant had nine prior convictions, seven strike priors and two prior serious felonies as alleged by the operative information.

On June 7, 2023, the trial court held a sentencing hearing. As part of the sentencing hearing, defendant made an oral motion for new trial that was denied by the court. The court sentenced defendant on count 1 to a term of 25 years to life (25 years to life for a third strike (§ 667, subd. (e)(2)(A)(ii)) plus 10 years (two five-year enhancements under § 667, subd. (a)). The court sentenced defendant to 25 years to life on count 2, but stayed the sentence pursuant to section 664.

On July 12, 2023, defendant filed a notice of appeal.

*Analysis*

Having undertaken an examination of the entire record, we find no evidence of arguable errors that would result in a disposition more favorable to defendant.

## DISPOSITION

The judgment is affirmed.

---

[5] All further references to rules are to the California Rules of Court.